DAVID REECE (TX Bar No. 24002810)
Email: ReeceD@sec.gov
KEEFE BERNSTEIN (TX Bar No. 24006839)
Email: BernsteinK@sec.gov
Securities and Exchange Commission
801 Cherry Street, Suite 1900
Fort Worth, TX 76102
Telephone: (817) 900-2607
Facsimile: (817) 978-4927

Attorneys for Plaintiff
Securities and Exchange Commission

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>ASCENERGY LLC and JOSEPH (a/k/a JOEY) GABALDON,<br><br>Defendants,<br><br>PYCKL LLC and ALANAH ENERGY, LLC,<br><br>Relief Defendants. | Case No.:  2:15-cv-01974-GMN-PAL<br><br>**JUDGMENT AS TO DEFENDANT ASCENERGY LLC, DEFENDANT JOSEPH (a/k/a Joey) GABALDON, AND RELIEF DEFENDANT ALANAH ENERGY, LLC** |

The Securities and Exchange Commission having filed a Complaint and Defendant Ascenergy LLC ("Ascenergy"), Defendant Joseph (a/k/a Joey) Gabaldon ("Gabaldon"), and Relief Defendant Alanah Energy, LLC ("Alanah") having entered a general appearance;

consented to the Court's jurisdiction over them and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Ascenergy and Defendant Gabaldon are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Ascenergy's and/or Defendant Gabaldon's officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendant Ascenergy and/or Defendant Gabaldon or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ascenergy and Defendant Gabaldon are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant Ascenergy's and/or Defendant Gabaldon's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Ascenergy and/or Defendant Gabaldon or with anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ascenergy, Defendant Gabaldon, and Relief Defendant Alanah shall pay disgorgement of ill-gotten gains and prejudgment interest thereon and that Defendant Ascenergy and Defendant Gabaldon shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. The Court shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from August 17, 2015, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant Ascenergy, Defendant Gabaldon, and Relief Defendant Alanah will be precluded from arguing that Defendant Ascenergy and/or Defendant Gabaldon did not violate the federal securities laws as alleged in the Complaint; (b) Defendant Ascenergy, Defendant Gabaldon, and Relief Defendant Alanah may not challenge the validity of the Consents or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court and Relief Defendant Alanah may not deny that it received or possess funds, or benefited from the use of funds, which are the proceeds of the unlawful activity of Defendant Ascenergy and Defendant Gabaldon; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from

4

appropriate non-parties.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Ascenergy, Defendant Gabaldon, and Relief Defendant Alanah shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant Gabaldon, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Gabaldon under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Gabaldon of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

DATED: June 21, 2016