# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

vs.

ASCENERGY LLC and
JOSEPH (a/k/a JOEY) GABALDON,

Defendants,

PYCKL LLC and ALANAH ENERGY, LLC,

Relief Defendants.

Case No.: 2:15-cv-01974-GMN-PAL

**AGREED FINAL JUDGMENT AS TO DEFENDANT ASCENERGY LLC, DEFENDANT JOSEPH (A/K/A JOEY) GABALDON, AND RELIEF DEFENDANT ALANAH ENERGY, LLC**

On June 21, 2016, the Court entered an Agreed Judgment against Defendant Ascenergy LLC ("Ascenergy"), Defendant Joseph (a/k/a Joey) Gabaldon ("Gabaldon"), and Relief Defendant Alanah Energy, LLC ("Alanah," and collectively, "Defendants"). ECF No. 63. The Agreed Judgment contemplates that a Final Judgment would subsequently be entered against Defendants setting the amount of disgorgement, pre-judgment interest, and civil penalties.

Defendants have entered general appearances, consented to the Court's jurisdiction over them and the subject matter of this action, consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction and except as otherwise provided herein in paragraph V); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant Ascenergy and Defendant Gabaldon are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Ascenergy's and/or Defendant Gabaldon's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Ascenergy and/or Defendant Gabaldon or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Ascenergy and Defendant Gabaldon are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant Ascenergy's and/or Defendant Gabaldon's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant Ascenergy and/or Defendant Gabaldon or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that:

Defendants Gabaldon and Defendant Ascenergy are jointly and severally liable for disgorgement of $5,112,473, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $197,217.

Relief Defendant Alanah is liable for disgorgement of $103,890, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,670.

Defendant Gabaldon and Defendant Ascenergy shall have their disgorgement obligation reduced by the amount of any disgorgement amounts that the Commission actually collects from Relief Defendant Pyckl LLC or its owners, managers, members, or affiliates or from Relief Defendant Alanah in this matter, including any amounts collected from escrow accounts established on their behalf. Defendant Gabaldon and Defendant Ascenergy shall also have their disgorgement obligation reduced by and to the extent any amount of the approximately $517,278 of investor funds previously seized by the Federal Bureau of Investigation is finally forfeited or released thereto.

Defendant Gabaldon is further liable for a civil penalty in the amount of $320,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendant Ascenergy is further liable for a civil penalty in the amount of $1,550,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

Defendants shall satisfy these obligations by paying all amounts to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Any funds in the accounts of Defendant Gabaldon, Defendant Ascenergy, or Relief Defendant Alanah subject to the Court's Asset Freeze [ECF No. 14] may be released towards payment of the obligations set forth herein.

Defendants may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendants may also pay by certified check, bank

cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>    Enterprise Services Center
>    Accounts Receivable Branch
>    6500 South MacArthur Boulevard
>    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; the respective Defendant's name; and specifying that payment is made pursuant to this Final Judgment.

Defendants shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendants relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendants.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendants shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Final Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the

civil penalty, Defendant Ascenergy and Defendant Gabaldon shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on their payment of disgorgement in this action, argue that they are entitled to, nor shall Defendant Ascenergy or Defendant Gabaldon further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant Ascenergy's or Defendant Gabaldon's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, the Defendant receiving the Penalty Offset shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Final Judgment. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against a Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consents Defendants executed in connection with this Final Judgment are incorporated herein with the same force and effect as if fully set forth herein, and that Defendant Ascenergy, Defendant Gabaldon, and Relief Defendant Alanah shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the

allegations in the complaint are true and admitted by Defendant Gabaldon, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant Gabaldon under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant Gabaldon of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED:

_____
Gloria M. Navarro, Chief Judge
United States District Judge

DATED this 23 day of May, 2017.