UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

vs.

ASCENERGY LLC and JOSEPH (a/k/a JOEY) GABALDON,

    Defendants,

PYCKL LLC and ALANAH ENERGY, LLC,

    Relief Defendants.

Case No.: 2:15-cv-01974-GMN-PAL

**FINAL JUDGMENT BY DEFAULT AS TO RELIEF DEFENDANT PYCKL LLC**

This matter came before the Court on the motion of Plaintiff Securities and Exchange Commission ("the Commission") seeking the entry of a Default Judgment for the relief requested in its Complaint against Relief Defendant Pyckl LLC ("Relief Defendant") who has failed to answer or otherwise defend this action. The Court having considered the pleadings and submissions on file herein makes the following findings of facts and conclusions of law:

1. On October 13, 2015, the Commission filed its Complaint in this action against Relief Defendant among others. (ECF 1) Relief Defendant was served with Summons and Complaint on October 22, 2015, and proof of service was filed with the Court. (ECF 25)

2. Relief Defendant is not a minor, incompetent person, or currently in military service. Relief Defendant has failed to answer or otherwise defended the Complaint. On May 26, 2017, the Clerk entered Default against Relief Defendant for failing to plead or otherwise defend in this action. (ECF 87)

1

3. The Court has jurisdiction over this action and Relief Defendant. Based on Relief Defendant's failure to deny the factual allegations in the Complaint or the evidence submitted with the Commission's motion for entry of the default judgment, all factual allegations therein are hereby admitted against Relief Defendant.

4. The Court finds that Relief Defendant received $3,800,000 dollars of investor funds from Ascenergy LLC to which it has no legitimate claim or right to retain. The Federal Bureau of Investigation previously seized approximately $514,278 of the funds from Relief Defendant or its owners or affiliates (the "Seized Funds"). The Commission is entitled to an Order requiring Relief Defendant to disgorge the $3,800,000 million plus prejudgment interest. Relief Defendant is entitled to a judgment credit for any of the Seized Funds that are finally released or forfeited.

On the basis of the foregoing findings of fact and conclusions of law:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Relief Defendant is liable for disgorgement of $3,800,000 and prejudgment interest of $291,954, representing monies flowing to Relief Defendant from the conduct of Defendants Joseph Gabaldon and Ascenergy LLC described in the Complaint. Relief Defendant shall satisfy this obligation by paying $4,091,954 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment. Relief Defendant's disgorgement obligation shall be reduced by and to the extent any of the Seized Funds are finally forfeited or released to the United States Department of Justice.

Relief Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website

at http://www.sec.gov/about/offices/ofm.htm.  Relief Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Pyckl LLC as a relief defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Relief Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action.  By making this payment, Relief Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Relief Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  The Court shall retain jurisdiction over the administration of any distribution of the Fund.  If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment.  Relief Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**IT IS SO ORDERED.**

DATED this __28__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge