**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> ASCENERGY LLC and JOSEPH (a/k/a JOEY) GABALDON, <br> Defendants, <br><br> AND <br><br> PYCKL LLC and ALANAH ENERGY, LLC, <br> Relief Defendants. | 2:15-cv-01974-GMN-BNW |

## PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S NOTICE OF MOTION, MOTION AND MEMORANDUM OF LAW IN SUPPORT OF AN ORDER TO APPOINT A DISTRIBUTION AGENT AND AUTHORIZE PAYMENT OF FUTURE FEES AND EXPENSES OF THE DISTRIBUTION AGENT FROM THE FAIR FUND

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that upon the accompanying Motion, Memorandum, and Proposed Order, and all other papers and proceedings herein, Plaintiff United States Securities and Exchange Commission will move this Court, the Honorable Brenda N. Weksler, for an Order to appoint a Distribution Agent.

**MOTION**

The United States Securities and Exchange Commission ("SEC" or the "Commission") respectfully moves the Court to (i) appoint JND Legal Administration ("JND") as Distribution Agent of the Fair Fund in this matter and (ii) authorize payment of future fees, and expenses of

the Distribution Agent.  The appointment of a Distribution Agent is a necessary precursor to creating a distribution plan for the Fair Fund (the "Plan"), proposing the Plan for the Fair Fund to the Court for approval, and ultimately distributing any funds from the Fair Fund to investors harmed by defendants' misconduct.

**MEMORANDUM**

**I.     BACKGROUND**

On October 13, 2015, the Commission filed a complaint against Ascenergy LLC and Joseph (a/k/a Joey) Gabaldon (collectively, "Defendants") and named Alanah Energy, LLC ("Alanah") and Pyckl LLC ("Pyckl") as relief defendants (collectively, "Relief Defendants"). The complaint alleged that Defendants raised approximately $5 million from approximately 90 investors using crowdfunding websites in a fraudulent scheme to solicit investors to purchase overriding royalty interests in undeveloped oil and gas wells.

The complaint detailed multiple misstatements that Ascenergy and Gabaldon made about the risks of the purported oil and gas investment, the work the company claimed it had performed to evaluate the oil and gas properties, Ascenergy's track record and partnerships with reputable industry participants, and the use of investor funds.  The complaint further alleged that, at the time of filing, Defendants had spent at least $1.2 million of the offering proceeds.  Most of the funds were used for payments to Gabaldon companies that he controls (including relief defendant Alanah) or for expenses unrelated to the oil and gas business, including, by way of example, foreign travel, fast food restaurants, Apple stores and iTunes, dietary supplements, and personal care products.  Moreover immediately after the Commission subpoenaed Gabaldon during its pre-suit investigation, Ascenergy shutdown public access to its website and transferred $3.8 million - virtually all of the remaining offering proceeds - to relief defendant Pyckl, a San Jose, California company that has no connection to the oil and gas business.  The funds were then transferred overseas to accounts in the U.K.

On May 23, 2017, the Court entered a Final Judgment against Defendants (Dkt. # 85). The Court ordered that Defendants were liable for disgorgement of $5,112,473, together with

prejudgment interest thereon in the amount of $197,217, and a civil penalty in the amount of $1,870,000, pursuant to Section 21(d) (3) of the Securities Exchange Act of 1934 [15 U.S.C. 78u (d) (3)] and Section 20(d) of the Securities Act of 1933[15 U.S.C. 77t (d)], for a total of $7,179,690.  Additionally, the Court ordered that the Relief Defendants were liable for disgorgement of $3,903,890, together with prejudgment interest thereon in the amount of $296,624, for a total of $4,200,514.  Pursuant to the Final Judgment, Ascenergy LLC initially paid $12,491.59, and Pyckl LLC initially paid $747,758.99.  Ascenergy LLC subsequently paid an additional $10,000, and Pyckl LLC subsequently paid an additional $10,450 for a total paid to the SEC of approximately $780,701.53.  With interest revenue, the total currently stands at $800,124.59.  The funds are currently deposited with the U.S. Treasury's Bureau of Fiscal Service for investment.  The SEC intends to develop a plan ("Plan"), subject to Court approval, to distribute the Fair Fund to harmed investors.

On June 26, 2019, the Commission filed a Motion with the Court for an Order establishing a fair fund (Dkt. # 95), pursuant to Section 308(a) of the Sarbanes-Oxley Act of 2002, as amended, so the penalties, along with the disgorgement and prejudgment interest, collected can be distributed to harmed investors (the "Fair Fund"), and to appoint Miller Kaplan Arase LLP as the Tax Administrator for the Fair Fund.  On December 27, 2019, the Court granted the Commission's Motion (Dkt. #97).

**II.      THE COURT SHOULD APPOINT A DISTRIBUTION AGENT**

The SEC respectfully moves the Court to appoint JND as Distribution Agent of the Fair Fund in this matter.  If appointed, JND will work with the SEC to develop a fair and reasonable Plan for the distribution of the Fair Fund, including a methodology for allocating the available funds to harmed investors, and will obtain the Court's approval of the Plan.  In addition, JND will implement the distribution of payments pursuant to the Court approved Plan and generally administer all other aspects of the Plan.  JND is well-qualified for the tasks required of a distribution agent and will be efficient, cost-effective and timely in its efforts.  JND is part of a pool of administrators the SEC has approved for appointment in administrative proceedings and

for recommendation to the Court in civil proceedings. The SEC's recommendation of JND is based on a process in which the SEC solicited, reviewed and analyzed proposals from prospective distribution agents in the approved pool, including a pricing schedule that will allow the SEC to monitor invoices and the costs of administering this distribution. JND's management team also has experience in developing plans of allocation related to other SEC cases. This process led the SEC to conclude that JND is well-qualified for this distribution and its pricing is competitive and reasonable.

JND does not have any conflicts of interest that would keep it from fully and fairly exercising its duties as the Distribution Agent for the Fair Fund.

As part of its duties, JND will coordinate with the Court-appointed Tax Administrator to ensure that the Fair Fund, a Qualified Settlement Fund ("QSF") under Section 468B (g) of the Internal Revenue Code, and related regulations, 26 C.F.R. §§ 1.468B-1 through 5, complies with all related legal and regulatory requirements, including but not limited to, satisfying any reporting or withholding requirements imposed on distributions from the QSF.

JND will invoice its fees and expenses incurred in the administration and distribution of the Fair Fund to the SEC for review and approval. Any unresolved objections to an invoiced amount will be referred to the Court.

Within forty-five (45) days of the Court's approval of the Plan, JND will provide a status report, and thereafter, will provide additional reports and quarterly account statements within thirty (30) days after the end of every quarter. Moreover, once the Fair Fund has been transferred to an escrow account opened by JND as Distribution Agent, JND will include with its quarterly reports a quarterly accounting report in a format to be provided by the SEC. The status report and quarterly accounting report will inform the Court and the SEC of the activities and status of the Fair Fund during the relevant period and will specify, at a minimum (a) the location of the account(s) comprising the Fair Fund, and (b) an interim accounting of all monies in the Fair Fund as of the most recent month-end, including the value of the accounts(s), all monies earned or received into the account(s), funds distributed to harmed investors under the Court-

approved Plan, and any monies expended from the Fair Fund, including fees, expenses, and taxes incurred by, or imposed on, the Fair Fund.

Upon completing its duties as Distribution Agent, JND, working with the Court-appointed tax administrator, will prepare a final report and final accounting for filing with the Court, in a format to be provided by the SEC.

JND may be removed *sua sponte* at any time by the Court or upon motion of the SEC and replaced with a successor. In the event JND decides to resign, it will first give written notice to the Court and to the SEC of such intention, and the resignation, if permitted, will not be effective until the Court appoints a successor.

### III. AUTHORIZATION FOR COMMISSION STAFF TO PAY FUTURE FEES AND EXPENSES OF THE DISTRIBUTION AGENT

In order to make timely payments to the Court-appointed distribution agent for services provided, the SEC further moves the Court to authorize it to approve and direct payment of all fees and expenses of the Distribution Agent from the Fair Fund without further Court order. All such expenditures will be reflected in the quarterly and final accountings filed with the Court.

**WHEREFORE**, the SEC respectfully requests that this Court enter the Proposed Order accompanying this Motion and grant such other relief as the Court deems just and proper.

Dated: January 2, 2020                    Respectfully submitted,

s/ Devon A. Brown
Devon A. Brown
Trial Attorney
Securities and Exchange Commission
100 F St, N.E., S.P. III
Washington, D.C. 20549-5876
Phone: (202) 551-4582
Fax: (301) 623-1188
Email: brownde@sec.gov
Maryland Bar
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I, Devon A. Brown, hereby certify that, on January 2, 2020, I caused the foregoing document to be electronically filed with the clerk of the court for the U.S. District Court of Nevada, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                Respectfully Submitted,

/s/ Devon A. Brown
Devon A. Brown
Trial Attorney
Securities and Exchange Commission
100 F St, N.E., S.P. III
Washington, D.C. 20549-5876
Phone: (202) 551-4582
Fax: (301) 623-1188
Email: Brownde@sec.gov
Maryland Bar
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>                Plaintiff,<br><br>  v.<br><br>ASCENERGY LLC and JOSEPH (a/k/a JOEY) GABALDON,<br>                Defendants,<br><br>AND<br><br>PYCKL LLC and ALANAH ENERGY, LLC,<br>                Relief Defendants. | 2:15-cv-01974-GMN-BNW |

**ORDER TO APPOINT A DISTRIBUTION AGENT AND AUTHORIZE PAYMENT OF FUTURE FEES AND EXPENSES OF THE DISTRIBUTION AGENT FROM THE FAIR FUND**

The Court, having reviewed Plaintiff Securities and Exchange Commission's ("SEC" or "Commission") Motion and Memorandum in Support for an Order to Appoint a Distribution Agent, and for good cause shown,

**IT IS HEREBY ORDERED:**

1. The Motion is **GRANTED**.

2. JND Legal Administration ("JND") is appointed to serve as the Distribution Agent of the Fair Fund in this matter, pursuant to the terms of a distribution plan to be approved by this Court (the "Plan"). JND shall coordinate with the Court-appointed Tax Administrator, Miller Kaplan Arase LLP, to ensure that the Fair Fund, a Qualified Settlement Fund ("QSF") under Section 468B(g) of the Internal Revenue Code, and related regulations, 26 C.F.R. §§ 1.468B-1 through 5, complies with all related legal and regulatory requirements, including but

not limited to, satisfying any reporting or withholding requirements imposed on distributions from the QSF.

3. JND shall invoice all administrative fees and expenses incurred in the administration and distribution of the Fair Fund to the SEC for review and approval by the SEC. Any unresolved objections to an invoiced amount will be referred to the Court.

4. Within forty-five (45) days of the Court's approval of the Plan, JND will provide a status report, and thereafter, will provide additional reports and quarterly account statements within thirty (30) days after the end of every quarter. Moreover, once the Fair Fund has been transferred to an escrow account opened by JND as Distribution Agent, JND will include with its quarterly reports a quarterly accounting report in a format to be provided by the SEC. The status report and quarterly accounting report will inform the Court and the SEC of the activities and status of the Fair Fund during the relevant period and will specify, at a minimum (a) the location of the account(s) comprising the Fair Fund; and (b) an interim accounting of all monies in the Fair Fund as of the most recent month-end, including the value of the account(s), all monies earned or received into the account(s), funds distributed to harmed investors under the Court-approved Plan, and any monies expended from the Fair Fund, including fees, expenses, and taxes incurred by, or imposed on, the Fair Fund.

5. Upon completing its duties as Distribution Agent, JND, working with the Court-appointed tax administrator, will prepare a final report and final accounting for filing with the Court, in a format to be provided by the SEC.

6. JND may be removed *sua sponte* at any time by the Court or upon motion of the SEC and replaced with a successor. In the event JND decides to resign, it will first give written notice to the Court and to the SEC of such intention, and the resignation, if permitted, will not be effective until the Court appoints a successor.

7. The Commission is authorized to approve and arrange payment of all future fees and expenses for services rendered by the Distribution Agent directly from the Fair Fund without

1  further order of the Court.  All such expenditures will be reflected in the quarterly and final
2  accountings filed with the Court.
3      8.   The Court will retain exclusive jurisdiction over the distribution, including, but
4  not limited to, claims against the Distribution Agent asserting liability for violation of any duty
5  imposed by the distribution plan or other Court order.

7  Dated this  31  day of March, 2020.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

3